LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

ALFREDO FERRARI
and ORLANDO LARIOS,
*on behalf of themselves,*
*FLSA Collective Plaintiffs*,
*and the Class*,

       Plaintiffs,

  v.

ZYCH CONSTRUCTION SERVICES CORP.,
    d/b/a ZYCH CONSTRUCTION
and EUGENE ZYCH,

       Defendants.

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**Jury Trial Demanded**

---

Plaintiff, ALFREDO FERRARI and ORLANDO LARIOS, (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their undersigned attorneys, hereby file this Class and Collective Action Complaint against Defendants, ZYCH CONSTRUCTION SERVICES CORP. and EUGENE ZYCH (each individually, "Defendant" or, collectively, "Defendants"), and state as follows:

1

## INTRODUCTION

1. Plaintiffs allege, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that they are entitled to recover from Defendants: (1) unpaid overtime premium, (2) liquidated damages and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), that she is entitled to recover from Defendants: (1) unpaid overtime, (2) unpaid spread of hours premium, (3) liquidated damages and statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5. Plaintiff, ALFREDO FERRARI, is a resident of Queens County, New York.

6. Plaintiff, ORLANDO LARIOS, is a resident of Westchester County, New York.

7. Defendant, ZYCH CONSTRUCTION SERVICES CORP., is a foreign business corporation organized under the laws of the State of Delaware with an address for service of process located at 18-72 HARMAN STREET RIDGEWOOD, New York, 11385.

8. Individual Defendant, EUGENE ZYCH, is the chief executive officer of ZYCH CONSTRUCTION SERVICES CORP. EUGENE ZYCH had control over the terms and conditions of Plaintiffs' employment, and those of similarly situated employees. Specifically, with respect to Plaintiff and other similarly situated employees, Individual Defendant maintained the authority to (i) fire and hire, (ii) determine rate and method of pay (iii) adjust employee work

schedules, (iv) maintain employees' employment records and (v) otherwise affect the quality of employment of Plaintiff, FLSA Collective Plaintiffs and Class members. Moreover, EUGENE ZYCH exercised functional control over the business operations and financial operations of the Corporate Defendants.

9. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiffs, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants.

11. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all construction workers (or similar non-exempt employees such as painters, carpenters, plumbers, assistants etc.) of Zych Construction employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

13. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them overtime wages owed. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

14. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

### **RULE 23 CLASS ALLEGATIONS – NEW YORK**

15. Plaintiffs bring claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all construction workers (or similar non-exempt employees such as painters, carpenters, plumbers, assistants etc.) of Zych Construction on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

16. All said persons, are referred to herein as the "New York Class Members." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P.

17. The proposed New York Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants and there are more than forty

(40) members of the Class.

18. Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation, and (ii) failing to provide proper wage statements to Class members as required under the New York Labor Law. Defendants' policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

19. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class

members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

21. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Both current and former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

22. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiffs and the Class within the meaning of the New York law;

b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiffs and Class members for overtime under state and federal law for all hours worked over 40 per workweek;

e) Whether Defendants provided to Plaintiffs and Class members proper wage and hour notice, at date of hiring and annually, per requirements of the New York Labor Law; and

f) Whether Defendants provided to Plaintiffs and Class members proper wage statements with each payment of wages as required by New York Labor Law.

## STATEMENT OF FACTS

23. On or about May 2016, Plaintiff ALFREDO FERRARI, was hired by Defendants to work as a construction worker for ZYCH CONSTRUCTION SERVICES CORP. ALFREDO FERRARI worked for Defendants until on or about November 5, 2017.

24. Plaintiff ALFREDO FERRARI was required by Defendants to work all over the New York City.

25. While employed by Defendants, Plaintiff ALFREDO FERRARI's regular schedule required him to work 8.5 hours per day, 5 days per week from Monday to Friday, for a total of approximately 42.5 hours per week. However, ALFREDO FERRARAI also worked an extra 5.5 hours on Friday and 10.5 hours on Saturday outside of his regular schedule. ALFREDO

7

FERRARI's regular schedule was paid in check and the additional schedule was paid in cash. Plaintiff ALFREDO FERRARI was always paid at a straight time rate.

26. From the start of ALFREDO FERRARI's employment on approximately May 2016, until approximately November 5, 2017, he was always compensated at a base hourly rate of $20 per hour.

27. Other employees also worked extra hours outside of their regular schedule and were paid cash on a straight-time basis.

28. On or about May 2015, Plaintiff ORLANDO LARIOS, was hired by Defendants to work as a construction worker for ZYCH CONSTRUCTION SERVICES CORP. ORLANDO LARIOS worked for Defendants until on or about December 26, 2017.

29. Plaintiff ORLANDO LARIOS was required by Defendants to work all over the New York City.

30. While employed by Defendants, Plaintiff ORLANDO LARIOS's regular schedule required him to work 8.5 hours per day, 4 days per week from Monday to Thursday, for a total of approximately 34 hours per week. However, ORLANDO LARIOS also worked 14 hours on Friday and 10.5 hours on Saturday outside of his regular schedule. ORLANDO LARIOS was paid in check for the first forty (40) hours each week and was paid in cash for the rest of the work hours at a straight-time basis.

31. From the start of ORLANDO LARIOS's employment on approximately May 2015, until approximately December 26, 2017, he was always compensated at a base hourly rate of $18.5 per hour.

32. Defendants provided Plaintiffs and Class Members with defective wage statements in violation of NYLL at all times. The wage statements provided to Plaintiffs and Class Members

8

did not accurately state the regular or overtime hours that employees actually worked, due to Defendants' some of the payment in cash.

33. At all relevant times, Plaintiffs, FLSA Collective Plaintiffs and Class members regularly worked over forty (40) hours per week, but Defendants failed to pay them the proper overtime compensation in violation of the FLSA and New York Labor Law. Plaintiffs was always paid at straight time even after 40 hours.

34. Defendants knowingly and willfully operated their business with a policy of not providing proper wage statements to Plaintiffs, FLSA Collective Plaintiffs and Class members, in violation of the New York Labor Law.

35. Plaintiffs retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

36. Plaintiffs reallege and reaver Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

38. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

39. Upon information and belief, at all relevant times, Defendant, ZYCH CONSTRUCTION SERVICES CORP., had gross revenues in excess of $500,000.

40. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiffs and FLSA Collective Plaintiffs for their hours worked in excess of forty hours per workweek.

41. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

42. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

43. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime compensation, plus an equal amount as liquidated damages.

44. Records, if any, concerning the number of hours worked by Plaintiffs, FLSA Collective Plaintiffs and the actual compensation paid to Plaintiffs, and FLSA Collective Plaintiffs are in the possession and custody of the Defendants. Plaintiffs and FLSA Collective Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

45. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

46. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs of their rights under the FLSA.

47. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs suffered damages, plus an equal amount as liquidated damages.

48. Plaintiff is entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW

49. Plaintiffs reallege and reaver Paragraphs 1 through 48 of this Complaint as if fully set forth herein.

50. At all relevant times, Plaintiffs were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

51. Defendants willfully violated Plaintiffs and Class members rights by failing to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

52. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiffs and other non-exempt employees, in violation of the New York Labor Law.

53. Due to the Defendants' New York Labor Law violations, Plaintiffs and Class members are entitled to recover from Defendants their unpaid overtime, unpaid spread of hours premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs on behalf of themselves, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime compensation, all due wages pursuant to the New York Labor Law;

f. An award of statutory penalties, and prejudgment and postjudgment interest;

g. An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

h. Designation of Plaintiffs as Representative of the FLSA Collective Plaintiffs;

i. Designation of this action as a class action pursuant to F.R.C.P. 23;

j. Designation of Plaintiffs as Representative of the Class; and

k. Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: March 5, 2018

        Respectfully submitted,

        LEE LITIGATION GROUP, PLLC
        C.K. Lee (CL 4086)
        Anne Seelig (AS 3976)
        30 East 39th Street, Second Floor
        New York, NY 10016
        Tel.: 212-465-1188
        Fax: 212-465-1181
        *Attorneys for Plaintiff, FLSA Collective Plaintiffs,*
        *and the Class*

By:    /s/ *C.K. Lee*
        C.K. Lee, Esq. (CL 4086)