# LEE LITIGATION GROUP, PLLC
30 EAST 39TH STREET, SECOND FLOOR
NEW YORK, NY 10016
TEL: 212-465-1180
FAX: 212-465-1181
INFO@LEELITIGATION.COM

Writer's Direct:   (212) 465-1188
　　　　　　　　　 cklee@leelitigation.com

December 14, 2018

**Via ECF**
The Honorable Judge Margo K. Brodie, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　　　　　Re:   *Ferrari, et al. v. Zych Construction Services Corp., et al.*
　　　　　　　　　　　 Case No.: 18-cv-1356

Dear Judge Brodie:

　　　　We are counsel to Plaintiffs and we write jointly with counsel to Defendants. We write to respectfully request that the Court approve the settlement and dismiss this action in its entirety. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

## I.   Legal Standard

　　　　The court in *Wolinsky* sets forth the following criteria for determining whether a proposed settlement is fair and reasonable:

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted). *See also Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015).

　　　　In this matter, the parties have reached a settlement of $35,000, which provides recovery of a portion of Plaintiffs' alleged back wages, plus recovery of Plaintiffs' counsel's legal fees. Based on the above criteria, the agreement is fair and reasonable and should be approved by the Court.

## II. Settlement Between Plaintiffs and Defendants is Objectively Fair, Adequate and Reasonable

*Plaintiffs' Range of Possible Recovery*

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $35,000; $7,565.00 of which represents the settlement amount to be allocated to Plaintiff Alfredo Ferrari; $12,264.00 of which represents the settlement amount to be allocated to Plaintiff Orlando Larios; and $3,095.00 of which represents the settlement amount to be allocated to Plaintiff Marcio Daniel Robertson. Attached hereto as **Exhibit B** are damage calculations for Plaintiffs' alleged unpaid compensation, calculated to be $16,204.00 in back wages for Alfredo Ferrari (46.7% recovery); $26,285.76 in back wages for Orlando Larios (46.7% recovery); and $6,606.25 in back wages for Marcio Daniel Robertson (46.8% recovery).

Plaintiffs' damage calculations assume that all the facts alleged by Plaintiffs are entirely correct. However, Defendants contest most of Plaintiffs' allegations and contend that Plaintiffs are owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiffs were correctly compensated for their overtime hours, or that Plaintiffs worked less hours than alleged, Plaintiffs' damages would be significantly reduced, and they would run the risk of obtaining less than the payments they are receiving in the settlement, if anything.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiffs wish to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Plaintiffs believe the amount of $35,000 is a fair result, obtaining a portion of the alleged back wages owed, after the deduction of attorney's fees, while eliminating the risks of trial.

Additionally, if the parties were to go forward with litigation, Plaintiffs would take on the risk of being unable to establish liability against the individual Defendant. Defendants have alleged that the individual who was actually the employer (Michael Zych, not a named defendant) has passed away, and that individual Defendant Eugene Zych resides in Florida and is not involved in the business' day to day operations.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive recovery of a portion of the alleged back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

## III. The Attorneys' Fees are Fair and Reasonable

Pursuant to the Settlement Agreement, of the $35,000 settlement amount, $11,462.00 is allocated to attorneys' fees and $614 for costs ($400 filing fee, $113 service fees, $101 for the mailing of the collective notice). The legal fees equal 1/3 of the settlement amount after the deduction of costs, which is routinely approved as attorney's fees in such FLSA matters.

Plaintiffs' counsel's fees of $11,462.00 is fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing for and attending an initial pretrial conference, drafting a pre-motion letter regarding a motion for conditional collective certification, preparing a stipulation for conditional certification, preparing and mailing notice to potential class members, interviewing the Opt-in Plaintiff, preparing and serving Defendants with discovery demands, resolving discovery disputes, drafting a motion to compel discovery, negotiating with Defendants' counsel, correspondence with Defendants' counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter in its entirety. We thank Your Honor for considering this matter.

Respectfully submitted,

*/s/ C.K. Lee*
C.K. Lee, Esq.